In re Estate of Hennekes.

[Cite as In re Estate of Hennekes, 6 Ohio Misc. 53.]

(No. 238897—Decided January 13, 1965.)

Probate Court of Hamilton County.

Messrs. *Lindhorst & Dreidame* and Mr. *Leo J. Breslin*, for estate of Edward H. Hennekes.

Mr. *John P. Scahill*, for Violet Connett.

DAVIES, J. This matter came before the court upon the motion of Violet Connett by her counsel to dismiss and set aside the probate proceedings in the estate of Edward H. Hennekes, deceased.

The evidence discloses that Edward H. Hennekes died testate, a resident of Hamilton County, Ohio, on February 17, 1963. The application book presenting said decedent's will for probate listed the decedent's next of kin as four nieces, Violet Connett, Mary Stock, Hazel Deitsch, and Selma Bogan, a grand-nephew, Edward H. Hennekes, and three grand-nieces, Claire Ballaban, Evelyn Spitzig, and Janet Ellis.

Under the terms of his will, the decedent made fifteen monetary bequests totalling $63,000.00, with a provision that in the event that his estate at the time of his death was not sufficient to pay all of the bequests in full, that "said bequests first be paid in full in the order named in this will, without contribution." The will further provided that the residue of his estate be given to two beneficiaries who were not next of kin.

Edward H. Hennekes was appointed administrator with the will annexed of the estate of the said Edward H. Hennekes, deceased, on June 11, 1963.

The inventory filed in said decedent's estate listed two parcels of real estate valued at $34,300.00 and personal property valued at $9,974.29.

54

On December 10, 1963, Violet Connett and Selma Bogan, two of the nieces of Edward H. Hennekes, deceased, filed a suit in the Court of Common Pleas of Hamilton County, Ohio, to set aside said decedent's will.

In June 1964, motions were filed in the Common Pleas Court by various interested parties asking the court to dismiss the petition for want of jurisdiction "because of the failure to join all parties thereto within the statutory period during which a will contest can be brought." The motions to dismiss the petition were based upon the admitted facts that the decedent, Edward H. Hennekes, and Evelyn Emma Hennekes were husband and wife and at their deaths neither had issue; and neither had a father or mother surviving; that Evelyn Hennekes died intestate on April 11, 1962, without issue, survived by her husband, Edward H. Hennekes, who inherited real estate and personal property by descent; that Evelyn Emma Hennekes was survived by a nephew, Melvin Schobert, the son of Bernard Schobert, a deceased brother of Evelyn Emma Hennekes, who is still living; that Melvin Schobert was not made a party plaintiff or joined as a defendant to the action to contest the will; that Edward H. Hennekes, the husband, died testate on February 17, 1963, without issue, and without having remarried, survived by nieces and nephews; that his estate consisted of identical real estate and identical personal property which came from Evelyn Emma Hennekes; that under the provisions of Section 2105.10, Revised Code, and in accordance with the holding in the case of *Kluever* v. *The Cleveland Trust Co.*, 173 Ohio St. 177, it was necessary to make Melvin Schobert a party defendant in the suit to contest Edward H. Hennekes' will, which was not done. On September 15, 1964, the Common Pleas Court found that the motions to dismiss the proceedings to contest the will were well taken and the action to contest the will was dismissed.

Violet Connett in her motion now before the Probate Court to dismiss and set aside the probate proceedings in the estate of Edward H. Hennekes, deceased, contends that said proceedings should be dismissed "for the reason that the application for appointment of Executor does not contain the names of all the next of kin of the deceased" that "the said Melvin Schobert would inherit a full one-half of the property of the deceased if said decedent had died intestate," and that "the application

for appointment of Executor, however, fails to mention said Melvin Schobert in said application."

The Common Pleas Court dismissed the proceedings to contest the will of Edward H. Hennekes, deceased, because of the following holdings in the case of *Kluever* v. *The Cleveland Trust Co., supra*:

"In Ohio the right to contest the validity of a will or codicil is wholly a creature of statute, and the exercise of such right is subject to the statutory conditions precedent that the action shall be brought within six months after the probate, and the heirs and interested persons must be made parties thereto within such time. (*Fletcher* v. *First National Bank of Zanesville, Exr.*, 167 Ohio St. 211, approved and followed.)

"The determination as to who is an heir of a decedent must be made from a consideration of the statutes of descent and distribution in effect at the time of the death of the decedent.

"The determination of the heirs of a decedent for the purpose of joinder of necessary parties in an action to contest a will must be made from a consideration of those who would take the decedent's estate in the event of an ultimate finding that such decedent died intestate.

"One who takes under the half-and-half statute (Section 2105.10, Revised Code), takes as an heir of the relict or surviving spouse and as such, under the provisions of Section 2741.02, Revised Code, is a necessary party in an action to contest the will of such relict. (*In re Estate of Sherick*, 167 Ohio St. 151, approved and followed.)"

Violet Connett now contends that the same reasoning, set forth in the *Kluever case*, which caused the Common Pleas Court to dismiss the suit to set aside the will of Edward H. Hennekes, deceased, should be applied in the Probate Court to set aside the proceedings to admit said decedent's will to probate. Violet Connett points out that if a suit to contest the Hennekes will is successful in the Common Pleas Court, then Melvin Schobert would be entitled to one-half of the Hennekes estate under the provisions of Section 2105.10, Revised Code, which reads in part as follows:

"When a relict of a deceased husband or wife dies intestate and without issue, possessed of identical real estate or personal property which came to such relict from any deceased spouse

by deed of gift, devise, bequest, descent, or by an election to take under Section 2105.06, Revised Code, such estate, real and personal, except one half thereof which shall pass to and vest in the surviving spouse of such relict, shall pass to and vest in the children of the deceased spouse from whom such real estate or personal property came, or their lineal descendants, per stirpes. If there are no children or their lineal descendants, such estate, except for the one-half passing to the surviving spouse of such relict, shall pass and descend as follows:

"(A) One half to the other heirs of such relict, as provided by Sections 2105.01 to 2105.09, inclusive, and 2105.11 to 2105.21, inclusive, Revised Code, and in the same manner and proportions as if the relict had left no surviving spouse;

"(B) One half to the parents of the deceased spouse from whom such real estate or personal property came, equally, or the survivor of such parents;

"(C) If there is no parent surviving, to the brothers and sisters, whether of the whole or of the half blood of such deceased spouse, or their lineal descendants, per stirpes; * * *."

Violet Connett's motion, however, is without merit for the reason that Section 2107.13, Revised Code, after providing that "no will shall be admitted to probate without notice to the surviving spouse and to the persons known to the applicant to be residents of the state who would be entitled to inherit from the testator under Sections 2105.01 to 2105.21, inclusive, Revised Code, if he had died intestate," specifically provides that "notice need not be given to any person who would be entitled to inherit from the testator solely by reason of relationship to a deceased spouse of the testator."

The motion of Violet Connett to dismiss and set aside the probate proceedings in the estate of Edward H. Hennekes, deceased, therefore, is overruled.

*Motion overruled.*